*318 On Petition for Rehearing
This cause involves an interlocutory appeal from a post final decree order, which resulted in a per curiam opinion and order of affirmance. The appellant has now filed what is styled “Petition for Clarification and/or Rehearing”.
So much of the petition as is for clarification be and the same is hereby denied as being without the scope of the Florida Appellate Rules. So much of the petition as seeks a rehearing is treated as follows:
The appellant, as plaintiff below, originally instituted an action to collect for the sums of money allegedly due it for the sale of a public utility to the appellee. This cause was concluded with the entry of a final decree, which read in part as follows:
“ * * * The Court finds, as set forth in Paragraph 2 of this final decree, that the defendant, CITY OF NORTH MIAMI BEACPI, is presently indebted to the plaintiff, NOR-WOOD CORPORATION, in the sum of $60,000.00. However, the Court further finds that, although the said sum is presently due from the defendant to the plaintiff, it is not presently payable, nor will it be payable on any fixed or definite future date. At the same time, it is the opinion of the Court that payment in full of the said indebtedness in the sum of $60,000.00 from the defendant to the plaintiff shall not be indefinitely postponed.
“(b) In accordance with the Court’s viev/s, as set forth in Paragraph 3(a) of this final decree, the Court orders the defendant, CITY OF NORTH MIAMI BEACH, to pay to the plaintiff, NORWOOD CORPORATION, the unpaid balance, in the sum of $60,-000.00, of the purchase price of the sale of the Norwood Water Plant and facilities by the plaintiff to the defendant at the rate of $200.00 per water service when connected, which the Court finds is the method of payment provided for in the contract between the parties. * * *
* * * * *
“(c) The Court finds and holds that the indebtedness in the amount of $60,-000.00 from the defendant to the plaintiff, or such unpaid balance of the said indebtedness as may remain after payments, if any, in reduction thereof will have been made by the defendant, will become payable in full and forthwith at such time as it becomes evident to this Court upon petition filed by the plaintiff and upon hearing thereon, after due notice to the defendant, that the number of the remaining unimproved lots which are available for water service connections in the Nor-wood area, as defined herein, when added to the number of the water service connections which have been and in the future may .be credited by the defendant to the plaintiff are insufficient to yield a total of 2,750 water service connections, the number set forth in the contract between the parties. * * * ”
Neither side took an appeal from this final decree. Instead, the appellant, within 63 days of the rendition of said final decree, filed a petition for order of payment, which petition duly came on for hearing before the chancellor and resulted in an order denying the relief sought. Said order was the subject of the interlocutory appeal in the instant proceedings.
It appears from the record that the appellant failed to demonstrate a material change in the circumstances from the date of the entry of the final decree until the filing of the petition for order of payment. Until a reasonable time has elapsed [to be determined by the chancellor in his discretion] or the conditions occur as set forth in the chancellor’s final decree, the appel *319 lant is not entitled to collect the sums of money found to be due and owing to it. As pointed out by the chancellor in his original decree, there is a difference in having money due and owing and whether or not it is presently payable. The petition for rehearing, because of the reasons set forth above, be and the same is hereby denied.
Petition for rehearing denied.